1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                         EASTERN DISTRICT OF CALIFORNIA

8

9

STEPHEN VINCENT HUNT, II,                      No.  1:15-cv-00165-LJO-SKO  HC
10
                        Petitioner,            **FINDINGS AND RECOMMENDATION**
11                                             **THAT COURT DISMISS CASE FOR**
          v.                                   **LACK OF JURISDICTION**
12
ANDRE MATEVOUSIAN, Warden, USP-
13   Atwater,
                                               **(Docs. 15 and 22)**
14                      Respondent.

15

16        Petitioner Stephen Vincent Hunt, II, is a federal prisoner proceeding *pro se* with a petition

17   for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  On July 31, 2017, Petitioner filed a

18   motion requesting that the magistrate judge prepare findings and recommendations in the above-

19   captioned case.  Review of the petition and briefing reveals that the Court lacks jurisdiction over

20   the pending petition and can expediently resolve it through dismissal.[1]  Accordingly, the

21   undersigned recommends that the Court dismiss the petition.

22   **I.        Procedural and Factual Background**

23        On December 6, 2007, a jury in the U.S. District Court for the District of Colorado

24   convicted Petitioner of six counts of bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d),

25

26   and six counts of possession of firearms in violation of 18 U.S.C. § 942(c).  The Colorado District

27   _____

28   [1] A review of the record reveals that although Respondent indicated he had filed an answer to the habeas petition, he
     had actually filed a motion to dismiss the petition as second or successive.

                                             1

Court sentenced Petitioner to an aggregate term of 1764 months.  Petitioner filed a direct appeal

alleging violation of *Batson v. Kentucky*, 476 U.S. 79 (1986), and insufficient evidence.  The

circuit court affirmed the district court judgment, and the U.S. Supreme Court denied the petition

for writ of certiorari.  *See United States v. Hunt*, 2009 WL 175063 (10th Cir. Jan. 27, 2009) (No.

07-1518), *cert. denied*, 556 U.S. 1160 (2009).

In February 2010, Petitioner filed a habeas petition under 28 U.S.C. § 2255 alleging that

(1) the district court judge who presided over his trial was under investigation for judicial

misconduct; (2) his rights under the Speedy Trial Act were violated; (3) the indictment was

deficient; and (4) he received ineffective assistance of counsel in violation of the Sixth

Amendment.  *United States v. Hunt*, 435 Fed.Appx. 721, 723 (10th Cir. 2011).  After the district

court denied the petition, Petitioner filed a notice of appeal and request for a certificate of

appealability in the Tenth Circuit.  *Id.*  The circuit court denied a certificate of appealability and

dismissed the appeal.  *Id.* at 726.

In the Tenth Circuit in July 2013, Petitioner sought authorization to file a second or

successive § 2255 petition to challenge the mandatory minimum sentences pursuant to *Alleyne v.*

*United States*, 133 S.Ct. 2151 (2013).  The circuit court held that because *Alleyne* did not

retroactively apply to cases on collateral appeal, Petitioner did not qualify for authorization for a

second or successive appeal.

In the Colorado district court in November 2013, Petitioner filed a pleading captioned as a

"motion to supplement the *audita querela* filing" in which he again sought relief from his

sentence based on the holding in *Alleyne*.   The district court denied the "motion," holding that it

lacked jurisdiction because (1) *Alleyne* did not retroactively apply to cases on collateral appeal,

and (2) the Tenth Circuit court had already refused to authorize Petitioner's filing of a second or

successive petition on those grounds.

2

Thereafter, Petitioner filed another "motion to supplement the *audita querela* filing," in which he sought to establish that irregularities in the jury verdict form constituted new evidence of a due process violation. The district court conceded that Petitioner's claim potentially had merit but declined to address the "motion" in the absence of an order of the Tenth Circuit Court authorizing Petitioner to pursue a second or successive petition.

Petitioner then sought circuit court authorization to bring a second or successive motion. Noting that the irregularity in the verdict form had been noted on the court's docket since June 2007 in the form of the Clerk of Court's explanatory note, the Tenth Circuit rejected the argument that the jury form was newly discovered evidence that justified leave to file a second or successive § 2255 petition. The circuit court recited Petitioner's multiple prior appeals and petitions that failed to raise as an issue the irregularities in the jury form.

In this Court in January 30, 2015, Petitioner filed the above-captioned petition for relief under 28 U.S.C. § 2241. The petition alleged two grounds for relief based on the irregularities in the verdict form.

In March 2015, Petitioner sought authorization from the Tenth Circuit to file a second or successive § 2255 petition challenging the aiding and abetting instructions applicable to his § 924(c) firearms convictions. The Tenth Circuit denied authorization, finding that the motion for authorization presented no new evidence or rules of constitutional law.

## II.    § 2241 Jurisdiction

### A.    In General

A federal court may not consider an action over which it has no jurisdiction. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). Respondent contends that because the petition is nothing more than a disguised § 2255 motion and because Petitioner cannot prove the elements

///

3

necessary to bring an action challenging his conviction under § 2241, the District Court has no jurisdiction over the petition and must dismiss it.

"[T]o determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." *Id*. A prisoner must challenge the manner, location, or conditions of a sentence's execution by filing a petition pursuant to § 2241 in the "custodial court," that is, the court of the district in which he is incarcerated. *Id.* at 864. If a prisoner challenges the legality of his conviction or sentence, however, he must bring a § 2255 motion in the district of conviction. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). A prisoner cannot avoid the restrictions of a § 2255 motion by attempting to challenge his conviction or sentence by means of a § 2241 petition in the custodial court. *Id.* If this general rule applies, a petitioner cannot seek modification of his sentence by filing a § 2241 petition. Because the above-captioned petition seeks relief from Petitioner's conviction and sentence, this Court lacks jurisdiction under the general rule.

### B.     The "Escape Hatch"

An exception to the rule, commonly referred to as the "escape hatch" or the "savings clause," "permits a federal prisoner to file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention." *Id.* (citations and internal quotations omitted). "[A] prisoner may file a § 2241 petition under the escape hatch when the prisoner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (internal quotations omitted). "If the prisoner's claims qualify for the escape hatch of § 2255, the prisoner may challenge the legality of a sentence through a § 2241 petition in the custodial court." *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). Here, Petitioner does not establish either element of the escape hatch.

4

## 1. <u>Unavailability of Adequate or Effective Remedy</u>

The petitioner bears the burden of proving that the remedy available under § 2255 is inadequate or ineffective. *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963). "In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision." *Harrison*, 519 F.3d at 960 (quoting *Stephens*, 464 F.3d at 898). A court must consider "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed "in any way relevant" to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (quoting *Ivy v. Pontesso*, 328 F.3d 1057, 1060-61 (9th Cir. 2003)).

When a petitioner seeks authorization to bring a second or successive § 2255 petition based on a change in applicable law, "a court of appeals may authorize a second or successive § 2255 motion only if the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Stephens*, 464 F.3d at 897. After the sentencing court and the Tenth Circuit rejected Petitioner's attempts to secure relief based on the *Alleyne* holding, Petitioner sought relief based on the irregularities of the verdict form. The new claim did not purport to rely on a new rule of constitutional law; instead, Petitioner alleged that the irregularities in the verdict form were newly discovered evidence. In denying Petitioner's request for authorization to bring a second or successive § 2255 petition, the Tenth Circuit held that "[t]he jury form is not newly discovered evidence" (*see* Doc. 15-13 at 3), and noted that despite multiple chances to raise this claim in his direct appeal and intervening habeas actions, Petitioner had not raised the claim.

///

///

### 2. Actual Innocence

Nor does Petitioner claim that he is actually innocent of the twelve crimes of which he was convicted. "To establish actual innocence, [a] petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). *See also Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011). Petitioner has the burden of proving this issue by a preponderance of the evidence. He must not only show that the evidence against him was weak, but that is was so weak that "no reasonable juror" would have convicted him. *Lorentsen v. Hood*, 223 F.3d 950, 954 (9th Cir. 2000). "[S]uch a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

### 3. No Escape Hatch Jurisdiction

Because Petitioner fails to allege and prove the elements necessary for § 2241 "escape hatch" jurisdiction, the Court lacks jurisdiction to consider this § 2041 petition.

## III. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

///

6

(c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

(A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B)  the final order in a proceeding under section 2255.

(2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3)  The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that the Court lacks jurisdiction to be debatable or wrong, or conclude that the issues presented required further adjudication. Accordingly, the Court should decline to issue a certificate of appealability.

**IV.  Conclusion and Recommendation**

The undersigned recommends that the Court dismiss the petition for writ of habeas corpus for lack of jurisdiction and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file

7

written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**August 29, 2017**__          /s/ *Sheila K. Oberto*
                                   UNITED STATES MAGISTRATE JUDGE